IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSUE MORALES, | § § § | |
| *Plaintiff*, | § § | 5-18-CV-00483-FB-RBF |
| vs. | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, JARED STOCK, DONNIE CARR, | § § § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Josue Morales's Motion to Remand. *See* Dkt. No. 2. The District Court referred this case to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 7. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Plaintiff's Motion to Remand, Dkt. No. 2, should be **GRANTED**.

**I.      Factual and Procedural Background**

This insurance dispute arises from an April 2016 hail storm in San Antonio, Texas. Plaintiff Josue Morales submitted a property-damage claim to his insurance company, Allstate Fire and Casualty Insurance Company, and Allstate assigned Defendants Donnie Carr and Jared Stock to inspect the property and adjust Morales's claim. Orig. Pet. ¶ 16. When Allstate denied the claim under Morales's Texas Homeowner's Insurance Policy, Morales sued Allstate, Stock, and Carr in the 288th Judicial District Court of Bexar County, Texas.

According to Morales, Stock and Carr conducted a substandard review of his claim, spent insufficient time assessing the storm damage, and ultimately submitted reports that misrepresented the extent of property damage and improperly omitted clearly visible damage. *Id.* ¶ 16, 33, 49. Morales complains that "neither Stock nor Carr found any covered damages in their inspections of Plaintiff's Property." *Id.* The Original Petition contrasts Stock's and Carr's conclusions with an "independent estimate" of the damage provided by an estimator retained by Morales. *Id.* ¶ 13. That "independent" evaluation of the damage, according to Morales, "found that the Property sustained substantial wind and/or hail damage," including "extensive wind and/or hail damage" that necessitated "full replacement" of the roof "along with roof components, such as the drip edge, furnace vent, pipe jack flashing, and ridge cap." *Id.* "Plaintiff's estimator," moreover, allegedly "determined that the dwelling's exterior fascia requires priming and painting," the "window A/C unit was damaged and requires replacement," and "the storage shed sustained wind and/or hail damage[] requiring its removal and replacement." *Id.* Stock and Carr's flawed inspections and adjustment, says Morales, resulted in Allstate underpaying his claim, which delayed repairs and further caused Morales financial injury. *Id.* ¶ 18.

Morales filed suit against Allstate under state law for breach of contract and various violations of the Texas Insurance Code. *Id.* ¶¶ 61-81. He sues Allstate in its own right and also as the agent of Stock and Carr. *Id.* Morales also sues Stock and Carr individually, asserting against them claims for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* ¶¶ 29-60.

Allstate removed the action to federal court, citing diversity of citizenship. There's no dispute about the amount in controversy required for diversity jurisdiction. In his Original Petition, Morales seeks more than $200,000 but less than $1,000,000. *See* Orig. Pet. ¶ 6; *see also*

28 U.S.C. § 1332(a). But there is a dispute concerning diversity of citizenship. Morales is a citizen of Texas. Allstate is a citizen of Illinois, and Carr is a citizen of North Carolina. *See* Dkt. No. 1 ¶¶ 12-13, 15. Allstate admits that Stock, like Morales, is a citizen of Texas. But Allstate contends that Stock's joinder is improper and his citizenship should therefore be disregarded for jurisdictional purposes. *See id.* ¶ 14.

II.    Analysis

Allstate's motion to remand involves two challenges to Defendant Stock's joinder, each of which potentially impacts whether there is diversity of citizenship sufficient to support an exercise of federal jurisdiction. First, Allstate charges that Stock's joinder is improper and his citizenship should not be considered in the jurisdictional analysis because he was added as a defendant solely to defeat diversity jurisdiction. Second, Allstate contends Stock's joinder is improper because Morales misstated facts material to the jurisdictional analysis. Because neither of Allstate's improper-joinder arguments succeeds, Stock's citizenship is properly considered and the motion to remand should be granted.

*Diversity Jurisdiction and the Propriety of Stock's Joinder.* Removal from state to federal court in these circumstances requires the diverse defendant (here, Allstate) to demonstrate that all prerequisites to 28 U.S.C. § 1332 diversity jurisdiction are satisfied. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Relevant here is the requirement for complete diversity, which demands "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A non-diverse defendant like Stock will not destroy complete diversity when "improperly or collusively

joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572. As the removing party, the "heavy" burden of proving improper joinder rests with Allstate. *Id*.

The "inability of the plaintiff [Morales] to establish a cause of action against the non-diverse party [*i.e.*, Stock] in state court" can provide grounds for a finding of improper joinder. *Smallwood*, 385 F.3d at 573 (quotation omitted). To prevail on such a basis here, Allstate must show "there is no possibility of recovery" by Morales against Stock. *Id*. Stated differently, Allstate must show "there is no reasonable basis for the district court to predict that [Morales] might be able to recover against [the] in-state defendant [Stock]." *Id*. This inquiry typically involves a Rule 12(b)(6)-type analysis to determine whether a claim is stated under state law against the non-diverse/in-state defendant (*i.e.*, Stock). *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

In undertaking the improper-joinder analysis, federal courts apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). In other words, the Court will examine whether Morales's Original Petition asserts "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In this context, courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). Moreover, "§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against [Stock] . . . (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc*., 390 F.3d 400, 412 (5th Cir. 2004).

*Stock's Joinder Is Not Infirm; His Citizenship Is Properly Considered in the Analysis.* Morales has stated at least one sufficiently viable cause of action against Stock under Texas Insurance Code § 541.060. Morales claims, albeit somewhat vaguely, that Stock committed various deceptive and unfair settlement practices in violation of Texas Insurance Code Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7). *See* Orig. Pet. ¶ 43. Although these allegations approach the very edge of acceptable pleadings under federal standards, Morales's allegations suffice to raise a right to relief under Section 541.060 above the purely speculative level. *See Twombly*, 550 U.S. at 555.

This is not the first case in which improper joinder is alleged in the context of an insurance adjuster. The many decisions addressing this topic, however, are somewhat varied. One theme that emerges from reading the decisions is that for claims against an adjuster to suffice for these purposes they should be distinct from those lodged against the insurance company; it is not enough for a plaintiff merely to generically allege misconduct under Section 541.060 and baldly charge the insurance company and adjuster with having committed it. But as explained in *Turner Club v. Acadia Insurance Co.*, a plaintiff's allegations of misconduct directed against an adjuster that are distinct from alleged misconduct attributable to the insurance company can reflect a viable Section 541.060 claim against the individual adjuster:

> Causes of action for violations of Chapter 541 are, at least in some instances, viable against adjusters . . . . [T]he Fifth Circuit [has] stated that "Texas law clearly authorizes [Section 541.060] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)). Since *Gasch*, numerous district courts in this Circuit have held that an insurance adjuster is not improperly joined in a lawsuit where the Plaintiff makes allegations of misconduct under Chapter 541 against an insurance adjuster that are distinct from those alleged against the insurance company defendant.

No. SA-17-CV-246-FB, 2017 WL 5235671, at *3-5 (W.D. Tex. May 16, 2017), *report and recommendation adopted*, 2017 WL 5505384 (W.D. Tex. Jun. 8, 2017) (collecting cases involving claims under Sections 541.060(a)(1), (a)(2), and (a)(7)).

Here, Morales "has properly stated a claim against [Stock] for his conduct as an individual adjuster." *See Edwards v. State Farm Lloyds*, No. 3:17-CV-0171-G, 2017 WL 3480270, at *3 (N.D. Tex. Aug. 14, 2017). His Original Petition provides that "Stock and Carr conducted substandard inspections" of the property, a shortcoming—it is alleged—that is "clearly evidenced by *their* reports." Orig. Pet. ¶ 16 (emphasis added). Further, the Petition is fairly read to allege that these reports misrepresented the nature of the damages and impacted the coverage decision. And these allegations gain momentum and specificity when read in context with Morales's allegations concerning the "independent estimate" of the damage from Morales's retained estimator. *Id*. ¶ 13. That "independent" evaluation of the damage, says Morales, "found that the Property sustained substantial wind and/or hail damage," including "extensive wind and/or hail damage" requiring "full replacement" of the roof "along with roof components[] such as the drip edge, furnace vent, pipe jack flashing, and ridge cap." *Id*. "Plaintiff's estimator," moreover, allegedly "determined that the dwelling's exterior fascia requires priming and painting," the "window A/C unit was damaged and requires replacement," and "the storage shed sustained wind and/or hail damage[] requiring its removal and replacement." *Id*. The allegations, read in the full context of the Petition, "allege specific actionable conduct by the adjuster [Stock]" and sufficiently "distinguish claims against the adjuster [Stock] from generic, conclusory, statute-tracking claims against the insurer [Allstate]." *Okenkpu v. Allstate Texas Lloyds*, No. H-11-2376, 2010 WL 103678 at *7 (S.D. Tex. Mar. 27, 2012). In this regard, it is relevant and persuasive to the undersigned that here, at least as to some of the claims, the allegations distinguish between Stock and Allstate, thereby leaving little "doubt that [Stock],

rather than the [Allstate], allegedly performed the[] acts" underpinning potential liability under Section 541.060. *Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4 (N.D. Tex. Aug. 13, 2015) (citing cases). It was Stock, in other words, who generated and prepared his report on the damage.

Allstate is unconvincing with its contention that there is no possible remedy against Stock under § 541.060(a)(2)(A), (a)(3) or (a)(4). *See* Resp. at 11. Contrary to Allstate's contentions, "there is hardly consensus among the district courts in this Circuit as to the availability of a remedy against an adjuster with respect to all sections of Section 541.060." *Vasquez*, No. SA-17-CV-01080-DAE, 2018 WL 1899808, at *4 (W.D. Tex. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1905112 (W.D. Tex. Apr. 2, 2018) (collecting cases and discussing the split in authority in this circuit). Moreover, other than arguing that Morales's allegations under Section 541.060(a)(1) are too conclusory to satisfy the federal pleadings standards, Allstate does not appear to meaningfully challenge the availability of a remedy against Stock under Section 541.060(a)(1), and all Morales needs is a single viable cause of action to prevail on the remand issue presented here.

*Turner Club* discusses at some length the competing views on the availability of a Section 541.060 remedy against an adjuster, as well as the reasons a number of courts have recognized such a remedy in these kinds of circumstances. Ultimately, this developed inter-circuit "split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because [a]ny ambiguities are construed against removal and in favor of remand to state court." *Fairway Leasing, LLC v. Nationwide Mut. Ins. Co.*, No. SA-17-CA-752-XR, 2017 WL 7693373, at *3 (W.D. Tex. Oct. 4, 2017) (citing *Mehar Holdings, LLC. v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681,

at *4 (W.D. Tex. Oct. 14, 2016) and *Shade Tree Apartments v. Great Lakes Reinsurance*, No. A-15-CA-843-SS, 2015 WL 8516595 (W.D. Tex. Dec. 11, 2015)) (quotations omitted).[1]

Rule 9(b)'s heightened pleading standard does not undermine Stock's joinder here, notwithstanding Allstate's arguments. Under Rule 9(b), a claim that involves an allegation of fraud or mistake requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P (9)(b). In some decisions, this standard has been held to apply to the types of claims Morales has asserted against Stock in this action. *See, e.g.*, *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."). But other decisions, including from within this district, have held that "there is no improper joinder if a defense compels the same result for the resident and nonresident defendants." *Fairway Leasing*, 2017 WL 7693373, at *4 (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 283-84 (5th Cir. 2007)).[2] Here, Morales raises misrepresentation allegations under the Texas Insurance Code against Stock, Allstate, and the diverse adjustor Defendant Carr, which means Allstate's Rule 9(b) argument, if accepted, would compel the same result for each of them. Accordingly, Allstate's Rule 9(b) argument likely "is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the

---

[1] *See also Vasquez*, 2018 WL 1899808, at *4 ("As numerous judges in this district have recently noted, the existence of authority that allows claims against adjusters to proceed under these Texas Insurance Code provisions—despite some contrary authority—dictates that this case should be remanded."); *LGC Building Ltd. v. Federal Ins. Co.*, No. SA-17-CA-1029-OLG-HJB, 2018 WL 4701829, at *4 (W.D. Tex. Jun. 12, 2018) ("Considering the split in authority concerning the imposition of liability against adjusters under § 541.060(a)(2)(A), LGC's claim against Smith is at least plausible, making dismissal inappropriate."), *report and recommendation adopted*, 2018 WL 4701816, at *1 (W.D. Tex. Aug. 9, 2018).

[2] *See also Vasquez*, 2018 WL 1899808, at *5.

joinder of the local party." *Gasch*, 491 F.3d at 284; *see also Fairway Leasing*, 2017 WL 7693373, at *4; *Vasquez*, 2018 WL 1899808, at *5.

Moreover, Morales's allegations satisfy Rule 9(b), as to at least a Section 541.060 claim, even assuming for argument's sake that heightened pleading standards apply. "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). In his Original Petition, Morales explains that Stock misrepresented in his estimate that he had addressed all covered damages and that he had made sufficient allowances to cover the cost of repairs. Orig. Pet. ¶ 18. The misrepresentations, the Petition is fairly read to allege, are apparent on the face of Stock's report. *See, e.g., id.* ¶ 16. The Petition contrasts Stock's reported findings of no damages and supposedly sufficient allowances with specific contrary findings supplied by an "independent" inspector. These details provide sufficient insight into the nature of the alleged misrepresentations by Stock and satisfy Morales's pleading burden in the event Rule 9(b) were to apply here.

*No Relevant Facts Are Misstated in the Removal Petition.* Joinder can also be challenged on the basis of misstated or omitted facts. Thus, it is possible that even though a plaintiff states a claim, in doing so he has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Allstate advances this type of argument here. "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* If a court decides to "pierce the pleadings" when assessing a claim of fraudulent or improper joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649; *see also Ross v.*

*Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003). But "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis*, 326 F.3d at 649; *see also Ross*, 344 F.3d at 463. And "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.*

According to Allstate, it assigned Carr—a diverse defendant—to initially inspect Morales's property. Resp. at 3. Stock, according to Allstate, only became involved when he conducted a "2nd Look Field Inspection Summary" to determine if Carr had overlooked any damages. *Id.* Stock ultimately agreed with Carr's original inspection, making no new findings. *Id.* The undersigned declines to exercise discretion to look beyond the pleadings and into this matter, as would be required for Allstate's argument to prevail. Allstate fails to convince the undersigned that Stock's apparent status as the second adjuster makes any difference here, where Stock is alleged to have produced his own report that merely mimics Carr's by similarly noting the absence of any covered damages. *See Cedar Point Condominiums v. Everest Indemnity Ins. Co.*, No. CV SA-17-CA-810-XR, 2017 WL 9400751, at *6 (W.D. Tex. Oct. 16, 2017).

To the extent Allstate may be trying to argue that Stock's involvement in the adjustment process was too limited to support a viable claim against him, that argument is also unavailing. At the very least, the nature of Stock's role in the adjustment process is hotly disputed, and Allstate provides the Court with *no evidence* to support its summary allegation. Nor is it clear to the undersigned how Stock's role, even if limited as Allstate contends, would necessarily defeat all claims against him, given the nature of Morales's pleadings addressed at length in the

preceding section's discussion. *See Travis*, 326 F.3d at 650. Although a court can pierce the pleadings to determine the propriety of a party's joinder, at this juncture of the case all disputed questions of fact and ambiguities of law must be resolved in Morales's favor. *See id.*; *see also Ross*, 344 F.3d at 463. Accordingly, Allstate has failed to establish with sufficient clarity that Morales has no reasonable likelihood of prevailing on every one of his claims against Stock.[3]

### III. Conclusion

For the reasons discussed above, the undersigned concludes that Allstate has not met its heavy burden in sufficiently demonstrating that Defendant Stock has been improperly joined. His citizenship is therefore properly considered in the jurisdictional analysis, and his status as a Texas citizen accordingly defeats complete diversity. Because subject matter jurisdiction is therefore lacking, the undersigned recommends that Plaintiff's Motion to Remand, Dkt. No. 2, be **GRANTED** and that the above-numbered cause of action be **REMANDED** to the 288th Judicial District Court of Bexar County, Texas.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

---

[3] *See Cedar Point*, 2017 WL 9400751, at *6 (declining to pierce the pleadings where insurer simply alleged in its response that the non-diverse adjustor's involvement with the claim was "highly limited" because insurer provided "nothing for the court to base such a summary inquiry upon"); *cf. Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190 (W.D. Tex. Aug. 10, 2017) (piercing the pleadings and finding adjustor improperly joined where insurer submitted emails that ran counter to the allegations of misconduct directed at the adjustor).

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 17th day of December, 2018.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE